UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| DERICK OWUSU,<br><br>　　　　　　　Plaintiff,<br>　v.<br>TERRIE L. MATSEN, et al.,<br><br>　　　　　　　Defendants. | Case No. 3:19-cv-05119-BJR-TLF<br><br>REPORT AND RECOMMENDATION<br><br>Noted for September 24, 2021 |

This matter is before the Court on defendants' motion for summary judgment. Dkt. 29. Plaintiff, a prisoner proceeding *pro se* and *in forma pauperis*, brought this 42 U.S.C. § 1983 action alleging that defendants violated his constitutional rights by rejecting incoming mail that contained Compact Discs ("CDs"). This matter has been referred to the undersigned Magistrate Judge. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a)(4).

　　　For the reasons set forth below, the Court finds that plaintiff has failed to properly exhaust his administrative remedies. The Court therefore recommends that defendants' motion be granted, and plaintiff's complaint be dismissed without prejudice.[1]

---

[1] In light of this conclusion, the Court does not reach the alternative bases for summary judgment discussed in defendants' motion.

REPORT AND RECOMMENDATION - 1

## PROCEDURAL HISTORY

Plaintiff Derick Owusu, an inmate at Stafford Creek Corrections Center ("SCCC"), initiated this matter on February 13, 2019. Dkt. 1. Plaintiff filed his amended complaint—the operative complaint in this case—on October 14, 2019. Dkt. 17. On November 6, 2020, defendants filed their motion for summary judgment, together with the supporting declaration of Tracy Schneider and a *Rand* notice. Dkts. 29, 30, 31. Between December 2021 and July 2021, plaintiff requested six extensions of the deadlines to file dispositive motions and to respond to defendants' motion, which the Court granted. Dkts. 33, 40, 43, 48, 55, 59. The final extension set a response deadline of August 9, 2021. Dkt. 59. Notwithstanding these multiple extensions, plaintiff has not responded to defendants' motion. However, plaintiff's amended complaint is signed under penalty of perjury and will be considered as evidence. Dkt. 41 at 60.[2]

## BACKGROUND

Plaintiff's amended complaint brings claims against defendants Terrie Matsen (a mail processor at SCCC) and Jason Aldana (a sergeant at SCCC) for alleged violation of his First, Fifth and Fourteenth Amendment rights arising out of defendants' rejection of incoming mail that contained CDs. Dkt. 17 at 3–4. Plaintiff alleges that the CDs contained responses to his public record requests to the King County Prosecuting Attorney's Office and the Bellevue Police Department, which he had sought for purposes of preparing a Personal Restraint Petition ("PRP") in his criminal case. *Id*. Plaintiff alleges that the materials were sent to him, but the mail was rejected by

---

[2] Because Plaintiff is *pro se* and signed his amended complaint under penalty of perjury, the Court considers factual contentions in the complaint as evidence to the extent they "are based on personal knowledge and set forth facts that would be admissible in evidence." *Jones v. Blanas*, 393 F.3d 918, 923 (9th Cir. 2004).

REPORT AND RECOMMENDATION - 2

defendant Matsen and upheld upon plaintiff's appeal by Matsen's supervisor, defendant Aldana. *Id*. at 4, 6–8. Plaintiff does not allege that he brought any further appeals of the mail rejection. Plaintiff contends that, without the materials on the CDs, he was unable to file his PRP, and thus was unable to exhaust his state remedies in order to bring a federal habeas corpus petition. *Id*. at 4.

Defendants submitted unrebutted evidence that Department of Corrections ("DOC") Policy 450.100 provides for rejection of mail to inmates that "[c]ontains an unauthorized audio/video recording[ ], including public disclosure CDs." Dkt. 30-1 at 32. According to defendants, CDs are among the items limited by DOC policy due to security concerns associated with the introduction of non-approved CDs into the facility, including their potential use to transmit propaganda or gang material, information regarding other offenders' crimes or covert coded messages. Dkt. 30 at ¶ 5. Because CDs can hold a large amount of information, review of each CD arriving to a prison facility from unapproved sources would place an undue strain on limited resources; in addition, CDs pose a risk of introducing computer viruses into the prison's network. *Id*. at ¶ 6. While CDs containing public disclosure documents are prohibited for these reasons, prisoners may receive public disclosure documents in paper form. *Id*. at 13.

Rejection of mail is subject to its own appeal process, separate from DOC's offender grievance program. *Id*. at ¶ 8. Pursuant to the applicable process, when incoming mail is rejected, mailroom employees must provide written notice to the inmate within five business days of the facility's receipt of the mail and two business days of the rejection—and must provide information on appealing the rejection. Dkt. 30-1 at 23–24. Inmates have ten calendar days in which to file an appeal with the mailroom sergeant.

REPORT AND RECOMMENDATION - 3

1  *Id*. at 24. The Superintendent or a designee must respond to the appeal within ten
2  business days. *Id*. If the rejection is upheld, an inmate may appeal to the Headquarters
3  Correctional Manager. *Id*. This is the final level of appeal. Dkt. 30 at ¶ 8.
4         Plaintiff was provided with the required rejection notices for each of this two
5  rejected CDs, informing him that "C-D's are not allowed per DOC Policy 450.100." Dkt.
6  30-1 at 35, 41. Plaintiff filed an appeal of the rejection with the mailroom sergeant. *Id*. at
7  38. Defendant Aldana upheld both rejections, noting the prohibition of public disclosure
8  CDs in DOC Policy 450.100. *Id*. at 35, 41. Plaintiff did not, however, appeal these
9  decisions to the Headquarters Correctional Manager and thus did not complete the
10 second and final level of appeal. Dkt. 30 at ¶ 14.

## SUMMARY JUDGMENT STANDARD

The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact, and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden to demonstrate the absence of a genuine dispute of material fact for trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). A genuine dispute concerning a material fact is presented when there is sufficient evidence for a reasonable jury to return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986). A "material" fact is one which is "relevant to an element of a claim or defense and whose existence might affect the outcome of the suit," and the materiality of which is "determined by the substantive law governing the claim." *T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

"If the moving party shows the absence of a genuine issue of material fact, the non-moving party must go beyond the pleadings and 'set forth specific facts' that show

a genuine issue for trial." *Leisek v. Brightwood Corp.*, 278 F.3d 895, 898 (9th Cir. 2002) (*citing Celotex*, 477 U.S. at 323-24). The non-moving party may not rely upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A plaintiff must "produce at least some significant probative evidence tending to support" the allegations in the complaint. *Smolen v. Deloitte, Haskins & Sells*, 921 F.2d 959, 963 (9th Cir. 1990). The court must determine whether the specific facts that are presented by the non-moving party, considered along with undisputed context and background facts, would show that a rational or reasonable jury might return a verdict in the non-moving party's favor based on that evidence. *Emeldi v. University of Oregon*, 698 F.3d 715, 728-29 (9th Cir. 2012).

When the Court considers a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in [their] favor." *Anderson*, 477 U.S. at 255. The Court is not allowed to weigh evidence or decide credibility. *Id*. If the moving party meets its initial burden, an adverse party may not rest upon the mere allegations or denials of the pleadings; his or her response must set forth specific facts showing there is a genuine issue for trial. Fed. R. Civ. P. 56(e)(2). The Court may not disregard evidence solely based on its self-serving nature. *Nigro v. Sears, Roebuck & Co.*, 784 F.3d 495, 497 (9th Cir. 2015).

## DISCUSSION

**A.   Exhaustion**

The Prison Litigation Reform Act of 1995 ("PLRA"), 42 U.S.C. § 1997e(a), requires that prisoners seeking to bring Section 1983 claims must first exhaust their administrative remedies:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C § 1997e(a). Exhaustion is mandatory. *Booth v. Churner*, 532 U.S. 731, 739 (2001). All "available" remedies must be exhausted. *Id.* Exhaustion must be proper, meaning the prisoner must complete the administrative review process in accordance with the applicable rules. *Woodford v. Ngo*, 548 U.S. 81, 92–95 (2006). Plaintiffs must file an appeal and exhaust all administrative appeals; they must also do so in a timely manner. *Id*. at 94. If a claim is not exhausted, it must be dismissed. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002).

Defendants bear the initial burden of showing there was an available administrative remedy and plaintiff did not exhaust that remedy. *Albino v. Baca*, 747 F.3d 1162, (9th Cir. 2014) (en banc). If that showing is made, the burden shifts to plaintiff, who must either demonstrate he, in fact, exhausted administrative remedies or "come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id*. at 1172; *see also Ross v. Blake,* 136 S. Ct. 1850, 1859–60 (2016) (setting forth examples of when administrative remedies would be unavailable). "Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim." *Albino*, 747 F.3d at 1170.

Defendants have established that DOC has an appeal process for mail rejection and that plaintiff is not only aware of the process but has used it. Dkt. 30-1 at 38. They have also introduced evidence that plaintiff has not appealed to the final level. Dkt. 30 at

REPORT AND RECOMMENDATION - 6

¶ 14. Defendants have met their initial burden to establish that plaintiff has not properly exhausted his administrative remedies.

The burden now shifts to Plaintiff, who must either prove that he exhausted his available remedies or "show that there is something particular in his case that made the existing and generally available remedies effectively unavailable to him by 'showing that the local remedies were ineffective, unobtainable, unduly prolonged, inadequate, or obviously futile.'" *Williams v. Paramo*, 775 F.3d 1182, 1191 (9th Cir. 2015) (quoting *Albino*, 747 F.3d at 1172). A remedy can be deemed unavailable if, for example, it "operates as a simple dead end," if it is "so opaque that it becomes . . . incapable of use," or if "prison administrators thwart inmates from taking advantage of it." *Ross,* 136 S. Ct. at 1853–1854.

Plaintiff has come forward with no such evidence here, despite six extensions of time to respond to defendants' motion. Dkts. 33, 40, 43, 48, 55, 59. Plaintiff has not submitted evidence that he appealed to the final level of review, and his amended complaint makes no claim that such an appeal was in any way unavailable to him. In short, the undisputed evidence demonstrates that plaintiff has failed to properly exhaust his administrative remedies by timely pursuing all available grievance appeals. *Woodford*, 548 U.S. at 92–95.

The Court therefore recommends the complaint be dismissed without prejudice. *See Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) *overruled on other grounds by Albino,* 747 F.3d at 1162 ("If the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice."); *Carrea v. California*, 551 F. App'x 368, 369 (9th Cir. 2014) (remanding for

REPORT AND RECOMMENDATION - 7

the entry of dismissal without prejudice because the proper remedy for non-exhaustion is dismissal without prejudice).³

**B.      In Forma Pauperis Status on Appeal**

The Court must also decide whether plaintiff's *in forma pauperis* status should continue on appeal. *See* 28 U.S.C. §1915(a)(3) ("an appeal may not be taken *in forma pauperis* if the trial court certifies in writing that it is not taken in good faith"). The Court must determine whether appeal is frivolous or malicious, or whether it fails to state a claim on which relief may be granted. *See* 28 U.S.C. §1915(e)(2)(B)(i)&(ii).

Here, as noted above, plaintiff has failed to rebut defendants' showing that he did not exhaust his administrative remedies. Accordingly, the undersigned recommends plaintiff's *in forma pauperis* status be revoked for purposes of any appeal.

## CONCLUSION

Based on the foregoing discussion, because plaintiff has failed to exhaust his administrative remedies, the undersigned recommends the Court grant defendants' motion for summary judgment and dismiss plaintiff's complaint without prejudice.

The parties have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6; Fed. R. Civ. P. 72(b). Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985).

---

³ Defendants request that the dismissal be with prejudice. Dkt. 29 at 8. Ordinarily, a dismissal for failure to exhaust is without prejudice. *Wyatt*, 315 F.3d at 1120. Dismissal with prejudice may be appropriate where a new or corrected grievance would be time-barred. *Manley v. Rowley*, 847 F.3d 705, 712 (9th Cir. 2017). But the appeal process here, while placing time restrictions upon the initial rejection and first level of appeal, does not provide an express time limit for the final level of review. Dkt. 30-1 at 24. While it seems unlikely that the policy could be deemed to permit an unlimited time for such an appeal, the lack of an express time limit here counsels in favor of applying the ordinary rule that dismissal for failure to exhaust is without prejudice.

Accommodating this time limitation, this matter shall be set for consideration on **September 24, 2021**, as noted in the caption.

Dated this 7th day of September, 2021.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge

REPORT AND RECOMMENDATION - 9